CUNNINGHAM, *Appellant, v.* ROBINSON & THATCHER, *Respondents.*

ANOTHER SUIT PENDING A BAR.—The fact that another suit is pending between the same parties, for the same cause of action in a Court of competent jurisdiction, although in another Territory, will opreate as a Bar to the prosecution of the action in this Territory.

APPEAL from the District Court of the Third Judicial District.

On the 10th day of August, 1866, the Plaintiff Cunningham commenced an action in the Probate Court of Salt Lake County, to recover from the Defendants the sum of one thousand dollars for work and labor, in transporting goods from Salt Lake City to Virginia City, M. T. At the time of the commencement of said suit, there was pending in the District Court of Montana, held at Virginia City, an action wherein Thatcher & Robinson had brought suit against said Cunningham for damages for the unskillful and negligent transportation of the goods mentioned in the complaint in this action.

To this suit for damages in Montana, the Plaintiff herein, Cunningham, had filed answer, claiming as a set-

off the sum of $698, being the amount of freight due Cunningham; and the said suit being still undetermined, the Defendants plead the pendency of the action in Montana in bar to further proceedings in this action.

Plaintiff demurred to the answer.   Demurrer sustained, and on the trial judgment was rendered for Cunningham in the sum of $698.   The District Court, on appeal, reversed the judgment of the Probate Court, and Plaintiff appeals.

No point is raised in the record as to the right of appeal from the Probate to the District Court, nor is the want of jurisdiction in the Probate Court referred to by either party.

PER CURIAM:—

An inspection of the transcript of the record and proceedings in the case of Robinson & Thatcher *v.* Cunningham, in the District Court of Montana, shows clearly that the suit in Montana was pending at the time this suit was commenced in Utah; and that it was between the same parties; and that the same cause of action alledged in the Plaintiff's complaint here was involved in the pleadings in the Court of Montana, and was adjudicated upon in that Court.

It is difficult to see what pretext the Probate Court could find for rendering judgment for the Plaintiff.   He had litigated his cause of action with the Defendants in a Court of competent jurisdiction, and there had been rendered against him and in favor of the Defendants a judgment for $1,600 and costs.

The proceedings in the Probate Court were marked by a total disregard of all judicial comity, which must exist in all well regulated communities and Governments, without which there can be no safety to the citizens of any State or District.

The Constitution and Laws of the United States relative to the effect which shall be given in our States to judicial proceedings in another, were wholly disregarded. It would seem that no ordinary obliquity of the human mind could have produced such result. ⋯ ⋯ ⋯ ⋯ ⋯

The judgment of the District Court, reversing that of the Probate Court, must be affirmed, and it is so ordered.